IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARSHALL H. FOSKEY, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO.: 5:09-CV-381 (CAR) |
| VS. : | |
| : | |
| Judge HUGH LAWSON, *et al.*, : | |
| : | |
| Defendants : | |
| : | **ORDER** |

     Plaintiff **MARSHALL H. FOSKEY**, has filed a Motion for Reconsideration (R. at 15).  For the reasons discussed below, this motion is **DENIED**.

     Plaintiff, an inmate at Telfair State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  In an Order dated November 24, 2009, the Court denied plaintiff's motion to proceed *in forma pauperis* and dismissed his action withou prejudice because he had at least three complaints or appeals that were dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Foskey v. State Board of Pardons and Paroles,*** 1:94-CV-3435 (RCF)(N. D. Ga. Feb. 28, 1995); ***Foskey v. Wingfield***, 5:02-CV-191 (CAR)(M. D. Ga. Oct. 15, 2002)(an appeal was also dismissed as frivolous by the United State Court of Appeals for the Eleventh Circuit, No. 02-16320J, on April 17, 2003); ***Foskey v. Wetherington***, 1:02-CV-3721 (CC)(N. D. Ga. Jan 8, 2003).

     In his Motion for Reconsideration, plaintiff maintains that ***Foskey v. State Board of Pardons and Paroles,*** 1:94-CV-3435 (RCF) (N. D. Ga. Feb. 28, 1995) "was dismissed by the Northern District Court because he missed a filing deadline, not because it was frivolous, malicious, or failed to state a claim."  This is not the case.  The record shows that plaintiff filed his original complaint on December 19, 2004 and the Court granted his motion to proceed *in forma pauperis* on December 20, 1994.  Thereafter, in an Order dated February 28, 1995, the Court performed a review pursuant

to 28 U.S.C. § 1915(d)[1], which authorized a federal court to dismiss a complaint, prior to service of process on the defendants, if the action was malicious or frivolous.  In this February 28, 1995 Order, the Court expressly found as follows:

> In light of the decision in Sultenfuss [v. Snow, 35 F.3d 1494 (11th Cir. 1994)], plaintiff's due process challenge to the Board's departure from established parole guidelines in determining his tentative parole date fails to rise to the level of a constitutional violation, and this action is **DISMISSED**, pursuant to 28 U.S.C. § 1915 (d).

***Foskey v. State Board of Pardons and Paroles,*** 1:94-CV-3435 (RCF)(N. D. Ga. Feb. 28, 1995).

In his Motion for Reconsideration, plaintiff also maintains that ***Foskey v. Wetherington***, 1:02-CV-3721 (CC) (N. D. Ga. Jan 8, 2003) should not count as a strike because "it was dismissed because the Court held that Plaintiff had missed a filing deadline for bringing such a complaint, not because it was frivolous, malicious, or failed to state a claim."  Again, this is incorrect.  In an Order dated January 8, 2003, the Court reviewed plaintiff's initial complaint and expressly held that "the instant action is hereby **DISMISSED** pursuant to the provisions of 28 U.S.C. § 1915A."[2]

Therefore, plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 20th day of January, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] Under 28 U.S.C. § 1915(d), as then in effect, a court could dismiss a case if the allegation of poverty was untrue or if the action was frivolous or malicious.  Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. §§ 1915(e)(2) and 1915A , which additionally allow a court to dismiss an action that fails to state a claim upon which relief can be granted.

[2] 28 U.S.C. § 1915A requires a federal court to review and dismiss any prisoner complaint seeking redress against a governmental entity or officer if the court determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.